**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **NAKETA WHEELER AND FREDERICK WHEELER, individually and on behalf of all others similarly situated,** *Plaintiffs*, | § § § § § § § | **CIVIL ACTION NO. 5:21-cv-140** **JURY** |
| **v.** | § § | |
| **CAPITAL LINK MANAGEMENT, LLC; SAMUEL PICCIONE AND DENISA PICCIONE,** *Defendants* | § § § § § | |

## ORIGINAL CLASS ACTION COMPLAINT

### *Jury Trial Requested*

Plaintiffs Naketa Wheeler (formerly Naketa Henderson) and Frederick Wheeler (hereinafter "Plaintiffs") file this Original Class Action Complaint. Plaintiffs institute the action in accordance with, and to remedy violations by, Defendants Capital Link Management, LLC; Samuel Piccione and Denisa Piccione (hereinafter "Defendants") of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692, *et seq.* (hereinafter "FDCPA"); the Texas Debt Collection Act, TEX. FIN. CODE § 392.001, *et seq.* (hereinafter "TDCA"); and the Telephone Consumer Protection Act, 47 U.S.C.A § 227, *et seq.* (hereinafter "TCPA"). Plaintiffs bring this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendants from their unlawful conduct.

# I.
# PARTIES

1.      Plaintiff Naketa Wheeler is a natural person who resides in Bowie County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.      Plaintiff Frederick Wheeler is a natural person who resides in Bowie County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

3.      Defendant Capital Link Management, LLC is a New York corporation which operates as a collection agency in Erie County, New York. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). It is not registered to do business in Texas and does not have a registered agent in Texas but can be served at its place of business at 100 Corporate Parkway, Suite 106, Amherst, NY 14226 or as permitted by Texas or New York law.

4.      Defendant Samuel Piccione is an owner of Capital Link Management, LLC, a New York corporation which operates as a collection agency in Erie County, New York. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Samuel Piccione is not registered to do business in Texas and does not have a registered agent in Texas but can be served 4894 Mount View Drive, Lockport, New York 14094 or as permitted by Texas or New York law.

5.      Defendant Denisa Piccione is an owner of Capital Link Management, LLC, a New York corporation which operates as a collection agency in Erie County, New York. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to

15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Denisa Piccione is not registered to do business in Texas and does not have a registered agent in Texas but can be served 4894 Mount View Drive, Lockport, New York 14094 or as permitted by Texas or New York law.

6.      All conditions precedent to Plaintiffs proceeding with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Plaintiffs allege several nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which the Defendants are deemed to reside.

8.      Pursuant to 28 U.S.C.A. § 1367(a), Plaintiffs and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendants arising under state law.

**9.**      Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendants are actively doing business in this State and are subject to personal jurisdiction throughout the State; (ii) Defendants transact business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because Plaintiffs have resided in this District at all times relevant to these claims.

## III.
## THE FAIR DEBT COLLECTION PRACTICES ACT,
## ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

10.      In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that

"contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.
## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227

11.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    The TCPA regulates, among other things, the use of automated telephone dialing equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

prior express consent of the called party. [2]

13.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

14.    The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at a rate to ensure that when a consumer answers the phone, a sales person is available to take the call. [4]

Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."

## V.
## FACTS RELATED TO PLAINTIFFS NAKETA AND FREDERICK WHEELER

15.    On or before February 4, 2016, an obligation (the "Debt") was allegedly incurred by Plaintiff Naketa Wheeler (formerly Naketa Henderson) and Plaintiff Frederick Wheeler to the original creditor, Vivint ("Creditor"). (See Exhibit "1".)

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

16.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

17.     Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some point subsequent to October 14, 2018, Plaintiffs stopped making payments to Creditor.

19.     At some point prior to November 13, 2020, Plaintiff Frederick Wheeler worked out an agreement with Creditor to pay the delinquent debt.

20.     On or before November 13, 2020, the Debt was assigned to, purchased by, or transferred to Defendants for collection, or Defendants were employed by Creditor to collect the Debt.

21.     Defendants meet the definition of "debt collectors" under TEX. FIN. CODE § 392.001(6) and 15 U.S.C. § 1692a(6).

22.     On November 13, 2020, Defendants began making telephone calls to Patricia Wheeler's cell phone regarding an alleged delinquent debt. The caller left a voicemail. (See Exhibit "2".)

23.     Plaintiff Frederick Wheeler's mother, Patricia Wheeler, is not a co-signer and is in no way associated with the Debt.

24.     Defendants contend that the Debt is in default.

25.     On or about November 27, 2020, Defendants began making telephone calls to Plaintiff Naketa Wheeler's cell phone in an attempt to collect the Debt.  The caller left a voicemail on Plaintiff Naketa Wheeler's cell phone. (See Exhibit "3".)

26.     Plaintiff Naketa Wheeler believes that this call was initiated by an autodialer because there was a pause/silence prior to her hearing someone on the voicemail.

27.    On this phone call, Defendants failed to identify themselves as debt collectors.

28.    This phone call meets the definition of "debt collection" under TEX. FIN. CODE § 392.001(5) and the definition of "communication" as defined by 15 U.S.C. §1692a(2).

29.    In placing this phone call, Defendants engaged in "communications" as defined by 15 U.S.C. § 1692(a)(2).

30.    On or about January 7, 2021, at 1:22 p.m., Defendants sent a text message to Plaintiff Naketa Wheeler's cell phone. (See Exhibit "4".) At approximately 4:50 p.m. on January 7, 2021, Plaintiff Naketa Wheeler called Defendants and spoke with Courtney Kennett, Plaintiff Naketa Wheeler's account representative. Plaintiff Naketa Wheeler told Ms. Kennett to stop texting and calling Patricia Wheeler.

31.    On or about January 8, 2021, at 11:20 a.m., Defendants sent a text message to Plaintiff Naketa Wheeler's cell phone regarding the alleged delinquent debt. (See Exhibit "5".)

32.    On or about January 12, 2021, Defendants called Plaintiff Naketa Wheeler regarding the alleged delinquent debt and left a voicemail on her cell phone. (See Exhibit "6".)

33.    On or about January 15, 2021, despite the request Plaintiff Naketa Wheeler made on January 7, 2021 that Defendants not contact Patricia Wheeler, Defendants sent a text message to Patricia Wheeler's cell phone regarding the alleged delinquent debt. (See Exhibit "7".)

34.    On or about February 3, 2021, Plaintiff Naketa Wheeler mailed Defendants a Cease-and-Desist letter via Certified Mail Return Receipt Requested. The Cease-and-Desist letter stated, among other things, that Defendants were to cease all phone calls and texts to Patricia Wheeler, Plaintiffs, and requested that Defendants only communicate via U.S. Mail.  (See Exhibit "8").

35.    Defendants responded to the February 3, 2021 letter on February 8, 2021 via US Mail. (See Exhibit "9")

36.    Defendants initiated one telephone call and one text message to Patricia Wheeler's cell phone from November 13, 2020 through January 15, 2021.

37.    Defendants initiated two telephone calls and two text messages to Plaintiff Naketa Wheeler's cell phone from November 27, 2020 through January 12, 2021.

38.    Defendants did not properly identify themselves when they called or texted. Plaintiffs never provided the contact information for Patricia Wheeler to Defendants, or gave permission for Defendants to discuss the debt with any third party such as Patricia Wheeler.   Moreover, Patricia Wheeler – who has no legal connection to the alleged delinquent debt -- never consented to being contacted by Defendants.  Despite this lack of permission or consent, Defendants contacted Patricia Wheeler regarding the debt.

39.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, the TDCA, and the TCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

40.    The telephone numbers Defendants called were assigned to cellular telephone services.

41.    The telephone calls constituted calls that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

42.    The above unlawful practices are Defendants' routine procedures for collecting consumer debts.

43.    The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## VI.
## CLASS ALLEGATIONS

44.    This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

      a.     FDCPA Class: All persons who reside in the United States and from whom, on or after 1 year prior to November 12, 2021 Defendants sought to collect, or did collect, a consumer debt and to whom Defendants placed a telephone call.

      b.     TDCA Class: All persons who reside in Texas and from whom, on or after 2 years prior to November 12, 2021 Defendants sought to collect, or did collect, a consumer debt and to whom Defendants placed a telephone call.

      c.     TCPA Class: All persons who reside within the United States and who were called by Defendants from 4 years prior to November 12, 2021 though the present, in an attempt to collect a debt, using an automatic telephone dialing system, where the call was placed to the person's cellular telephone number that Defendants did not obtain either from a creditor or directly from the person himself or herself and/or where the call was placed to the person's phone number after the person had revoked prior express consent.

Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households.  Also excluded are employees of Defendants, their spouses, and any minor children living in their households.  Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households.

45.    The unlawful actions of Defendants entitle Plaintiffs and each Class Member to actual and statutory damages as well as injunctive relief.

46.    The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiffs. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendants.

47.    Plaintiffs will fairly and adequately protect the interests of each Class Member and have retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiffs understand and appreciate their duty to each member of the Class under FED. R. CIV. P. RULE 23 and are committed to vigorously protecting the rights of absent Class Members.

48.    Plaintiffs are asserting claims that are typical of the claims of each Class Member they seek to represent, in that Defendants engaged in the collection and/or attempted collection of debts from each Class Member they seek to represent in the same manner—and utilizing the same method—as Defendants utilized against Plaintiffs. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiffs and any Class Member with respect to this action.

49.    There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendants' conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.

50.    Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

a.    Whether Defendants are "debt collectors" as that term is defined by the Fair Debt Collection Practices Act;

b.    Whether Plaintiffs are "consumers" as that term is defined by the Fair Debt Collection Practices Act;

c.    Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the Fair Debt Collection Practices Act;

d.    Whether Defendants' conduct violated 15 U.S.C. § 1692b(1) when they communicated with third parties concerning Plaintiffs' debt and failed to properly identify themselves;

e.    Whether Defendants' conduct violated 15 U.S.C. §1692c(a)(1) when they called Plaintiffs at a time or place known to be inconvenient for them;

f.    Whether Defendants' conduct violated 15 U.S.C. § 1692c(b) by communicating without consent with individuals other than Plaintiffs, Plaintiffs' Attorney or a credit bureau concerning Plaintiffs' debt;

g.    Whether Defendants' conduct violated 15 U.S.C. §1692c(c) by communicating with Plaintiffs and Patricia Wheeler with respect to the debt notwithstanding their

receipt of written instructions to cease communications with Plaintiffs and Patricia Wheeler;

h.      Whether Defendants engaged in behavior the natural consequences of which was to harass, oppress or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

i.      Whether Defendants' actions constitute a violation of 15 U.S.C. § 1692d(5) when they caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

j.      Whether Defendants' conduct violated 15 U.S.C. §1692d(6)§806 except as provided in section 1692b of this title, by placing telephone calls without meaningful disclosure of the caller's identity.

k.      Whether Defendants' conduct violated 15 U.S.C. §1692g by failing to send Plaintiffs the required notice within five days of Defendants' initial communication with Plaintiffs.

51.    Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

a.      Whether Defendants are "debt collectors" as that term is defined by the Texas Debt Collection Act;

b.      Whether Plaintiffs are "consumers" as defined by the TDCA;

c.      Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the TDCA;

d.      Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.304(a)(5)(A)&(B) by failing to disclose, except in a formal pleading made in connection with a legal action: (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

e.      Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

f.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number;

g.    Whether Defendants' actions constitute a violation of TEX. FIN. CODE § 392.304(a)(4) by failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money;

h.    Whether Defendants' actions constitute a violation of Tex. Fin. Code § 392.304(a)(5) by failing to disclose (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor;  or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor.

i.    Whether Defendants are liable for damages and the amount of such damages;

j.    Whether Plaintiffs and Class Members are entitled to seek an injunction against Defendants to prevent or restrain further violations of the TDCA; and

k.    Whether Defendants directly and proximately caused Plaintiffs and Class Members injury for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief.

52.    Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

a.    Whether Defendants made calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system;

b.    Whether such practice violates the TCPA;

c.    Whether Defendants' conduct was knowing and willful;

d.    Which services or processes Defendants employed to obtain class members' cellular telephone numbers;

e.    Which technologies or services were available to Defendants to enable them to differentiate between wireless numbers and wireline numbers;

f.    Whether Defendants are liable for damages and the amount of such damages; and

g.    Whether Defendants should be enjoined from engaging in such conduct in the future.

53.    The relief sought by each Class Member is common to the entirety of each respective class.

54.    Defendants have acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

55.    For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendants.

56.    This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

57.    A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

a.    significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

b.    the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

c.    without the representation provided by Plaintiffs herein, few, if any, Class Members will receive legal representation or redress for their injuries;

      d.      class treatment is required for optimal deterrence;

      e.      despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation;

      f.      no unusual difficulties are likely to be encountered in the management of this class action;

      g.      absent a class action, Defendants' illegal conduct shall go unremedied and uncorrected; and

      h.      absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendants' illegal conduct.

58.    Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VII.
## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

59.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60.    Defendants are each debt collectors as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

61.    Plaintiffs are consumers as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

62.    The debt that Defendants sought to collect was a consumer debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(5).

63.    Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants communicated with third parties concerning Plaintiffs' debt and failed to properly identify themselves.

64.    Defendants' conduct violated 15 U.S.C. § 1692b(2) and 15 U.S.C. § 1692c(b) in that Defendants communicated without consent with individuals other than Plaintiffs, Plaintiffs' attorney or a credit bureau concerning Plaintiffs' debt.

65.    Defendants' conduct violated 15 U.S.C. §1692c(a)(1) when they called Plaintiffs at a time or place known to be inconvenient for them.

66.    Defendants' conduct violated 15 U.S.C. §1692c(c) by communicating with Plaintiffs and Patricia Wheeler with respect to the debt notwithstanding their receipt of written instructions to cease communications with Plaintiffs and Patricia Wheeler.

67.    The Defendants engaged in behavior the natural consequences of which was to harass, oppress or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(d).

68.    Defendants' conduct violated 15 U.S.C. § 1692d(5) when Defendants caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number by repeatedly or continuously calling Plaintiffs with the intent to annoy, abuse, or harass at the called number.

69.    Defendants' conduct violated 15 U.S.C. §1692d(6)§806 except as provided in section 1692b of this title, when they placed telephone calls without meaningful disclosure of the caller's identity.

70.    Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to provide written notice to Plaintiffs of their rights, among other rights, to dispute the debt and to demand validation of the debt.

71.    Congress enacted the FDCPA to prevent real harm.  Under the FDCPA, the Plaintiffs have a statutory right to not be subjected to harassing calls.  The harm that Plaintiffs have alleged is

exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

72.    As a result of Defendants' violations of 15 U.S.C. § 1692, *et seq.*, Plaintiffs and Class members are each entitled to actual and statutory damages.

73.    Plaintiffs and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE § 392.001, *et seq.*

74.    Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

75.    The acts of Defendants constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

76.    Defendants are "debt collectors" as defined by the TDCA. *See* TEX. FIN. CODE §§ 392.001(6).

77.    Plaintiffs are "consumers" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

78.    The debt that Defendants sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

79.    The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

80.    Defendants' actions constitute a violation of Tex. Fin. Code § 392.304(a)(4) by failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money;

81.    Defendants' actions constitute a violation of TEX. FIN. CODE § 392.304(a)(5)(A)&(B) by failing to disclose, except in a formal pleading made in connection with a legal action: (A)  that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor;  or (B)  that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

82.    The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

83.    Specifically, TEX. FIN. CODE § 392.302(2) makes it illegal for debt collectors, during debt collection, to oppress, harass or abuse a person by "placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass and threaten a person at the called number."

84.    The numerous telephone calls by Defendants were made with the intent to annoy, harass and threaten Plaintiffs, in violation of TEX. FIN. CODE § 392.302(2).

85.    In addition, TEX. FIN. CODE § 392.302(4) makes it illegal for debt collectors, during debt collection to oppress, harass, or abuse a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

86.    The numerous telephone calls by Defendants were abusive, constituted harassment, and were made in violation of TEX. FIN. CODE § 392.302(4).

87.    The Texas Legislature enacted the TDCA to prevent real harm.  The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers. Defendants' calls harmed Plaintiffs

by causing the very harm that the Texas Legislature sought to prevent – informational injury under the TDCA.

88.     Defendants' actions violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt.

89.     As a result of Defendants' violations of the TDCA, Plaintiffs and Class Members are entitled to and do seek an injunction against Defendants to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

90.     Defendants' described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiffs and Class Members injury for which they are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive relief and other legal and equitable relief pleaded herein.

### COUNT THREE
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 ET SEQ.

91.     Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

92.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system."  TCPA § 227(b)(1)(A)(iii).

93.     Defendants made telephone calls to Plaintiff Naketa Wheeler's cell phone using an automatic telephone dialing service without consent, which was prohibited by the TCPA.

94.     Defendants negligently disregarded the TCPA in using automated telephone dialing equipment to call Plaintiff Naketa Wheeler's and the TCPA class' cellular telephones without express consent.

95.     The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

96.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[5]

97.     Defendants' phone calls harmed Plaintiff Naketa Wheeler by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

98.     Defendants' phone calls harmed Plaintiff Naketa Wheeler by trespassing upon and interfering with Plaintiff Naketa Wheeler's rights and interests in Plaintiff Naketa Wheeler's cellular telephone and cellular telephone line.

99.     Defendants' phone calls harmed Plaintiff Naketa Wheeler by intruding upon her seclusion.

100.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by causing Plaintiff Naketa Wheeler aggravation and annoyance.

101.    Defendants' phone calls harmed Plaintiffs by wasting Plaintiffs' time.

102.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by using minutes allocated to her by her cellular telephone service provider.

103.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

---

[5] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. *See also* Mims v. Arrow Fin. Servs., L.L.C., 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

## COUNT FOUR
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 ET SEQ.

104.    Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

105.    Defendants knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff Naketa Wheeler's and the class' cellular telephone without express consent.

106.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

107.    Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[6]

108.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

109.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by trespassing upon and interfering with Plaintiff Naketa Wheeler's rights and interests in Plaintiff Naketa Wheeler's cellular telephone and cellular telephone line.

110.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by intruding upon Plaintiff Naketa Wheeler's seclusion.

---

[6] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. *See also* Mims v. Arrow Fin. Servs., L.L.C., 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

111.    Defendants harassed Plaintiff Naketa Wheeler by incessantly calling Plaintiff Naketa Wheeler's telephone.

112.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by causing Plaintiff Naketa Wheeler aggravation and annoyance.

113.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by wasting Plaintiff Naketa Wheeler's time.

114.    Defendants' phone calls harmed Plaintiff Naketa Wheeler by using minutes allocated to Plaintiff Naketa Wheeler by Plaintiff Naketa Wheeler's cellular telephone service provider.

115.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call-in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## VIII.
## VICARIOUS LIABILITY

116.    At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiffs and the Class Members were employed by Defendants and were working in the course and scope of their employment with Defendants. Defendants had the right to control their activities. Therefore, Defendants are liable for their actions, inactions, and conduct which violated the FDCPA, the TDCA, and the TCPA and proximately caused damage to Plaintiffs and each member of the classes as described herein.

## IX.
## JURY REQUEST

117.    Plaintiffs request that this matter be tried before a jury.

WHEREFORE, Plaintiffs and the Class Members pray that the Court enter judgment in their favor against Defendants as follows:

a.  Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

b.  Declaring:

     i.  Defendants' actions violated the FDCPA;
    ii.  Defendants' actions violated the TDCA; and
   iii.  Defendants' actions violated the TCPA;

c.  Enjoin Defendants from committing further violations of the FDCPA, the TDCA, and the TCPA;

d.  Awarding Plaintiffs and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

e.  Awarding Plaintiffs and Class Members statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

f.  Awarding Plaintiffs and Class Members actual and statutory damages and penalties under the TCPA and the TDCA;

g.  Awarding Plaintiffs and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants, including treble damages under 47 U.S.C.A. § 227(b)(3);

h.  Awarding Plaintiffs and Class Members punitive damages; and

i.  Granting such other relief that equity and the law deems appropriate.


Dated:  November 12, 2021      Respectfully submitted,

                    By: /s/ Walt D. Roper
                      Walt D. Roper
                      TX State Bar No. 00786208
                      **THE ROPER FIRM, P.C.**
                      110 E. Louisiana Street, Suite 100
                      McKinney, TX 75069
                      Telephone: 214-420-4520
                      Facsimile: 1+214-856-8480
                      Email: walt@roperfirm.com


**ATTORNEY FOR PLAINTIFF**